**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 11-06337 SJO (FMOx) | **DATE:** October 3, 2011 |
| **TITLE:** Arnold Gonzalez v. Sears Holdings Corporation, et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

Defendant Sears Holdings, Corp. ("Defendant") removed this matter from Los Angeles Superior Court on August 2, 2011, citing diversity jurisdiction. (Not. of Removal ¶¶ 2-10.) Defendant filed an Answer on August 17, 2011. On September 16, 2011, the Court issued a Minute Order setting scheduling dates for this matter, including a trial date of January 24, 2012.

On September 27, 2011, Defendant and Plaintiff Arnold Gonzalez ("Plaintiff") filed a stipulation to continue the trial date and pre-trial dates set in the Court's September 16 Minute Order. Through the stipulation, the parties attempted to push the trial one full year, with a trial date of January 24, 2013.

In the Stipulation, the parties notified the Court for the first time that the August 2, 2011, removal of the action from Los Angeles Superior Court was the second time the case had been removed to federal court. According to the stipulation, the action was filed in Los Angeles Superior Court on January 27, 2011. (Stipulation 1 (Docket No. 15).) Defendant removed the case to this Court on March 17, 2011, citing diversity jurisdiction.[1] (*Id*. 2.) The matter was remanded on May 6, 2011, for failure to prove by a preponderance of the evidence that the amount on controversy exceeded $75,000. (*Id*.) Once back in state court, Plaintiff provided a statement of damages on July 11, 2011, verifying that the amount in controversy was over $75,000. (*Id*.) On that basis, Defendant again removed the action to federal court, on August 2, 2011. (*Id*.) The Notice of Removal in this action did not notify the Court that the case was being removed for the second time. The Court was only informed of this procedural history in the context of the parties' stipulation seeking to push the trial date.

---

[1] The first time the case was removed, the case number was 2:11-cv-02275. A review of the docket from that case confirms that this case was removed to federal court and remanded once before for Defendant's failure to show that the amount in controversy was over $75,000.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 11-06337 SJO (FMOx)</u>     **DATE:** <u>October 3, 2011</u>

Having been informed that this case was twice removed from state court, this Court must remand. A remand order based on lack of subject matter jurisdiction, such as this Court's May 6 Order, is final. 28 U.S.C. § 1447(d); *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988). The May 6 Order is incapable of being reconsidered, either by this Court or through appellate review. *Seedman*, 837 F.2d at 414. "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it." *Id.* (internal citation omitted). Because this case was removed and remanded once before, the Court lacks jurisdiction. Defendant was unable to prove by a preponderance of the evidence that the amount of controversy was greater than $75,000 when it first removed the case. It cannot have two bites at the apple. The Court lacks jurisdiction to reconsider the issue of whether the amount in controversy in this case is greater than $75,000. This case must be remanded.

For the foregoing reasons, the Court **REMANDS** the instant action to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer <u>cch</u>